MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SERGIO JUAREZ VIVAR (A.K.A
MACHAZO), *individually and on behalf of
others similarly situated,*

                                            *Plaintiff*,

                    -against-

225 WEST BROADWAY CORP.  (D/B/A
ATTRAVERSA), 228 BLEECKER LLC
(D/B/A ARIA WEST VILLAGE), BRICIOLA
CORP.  (D/B/A BRICIOLA), TANYA HIRA
(A.K.A. TANYA PASSON), ROBERTO
PASSON, GUSTAVO BUENO, ALEX DOE,
and CLAUDIO PASSON,

                                            *Defendants.*
 -------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiff Sergio Juarez Vivar (a.k.a Machazo) ("Plaintiff Juarez" or "Mr. Juarez"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon his knowledge and belief, and as against 225 West Broadway

Corp. (d/b/a Attraversa), 228 Bleecker LLC (d/b/a Aria West Village), Briciola Corp. (d/b/a

Briciola), ("Defendant Corporations"), Tanya Hira (a.k.a. Tanya Passon),  Roberto Passon,

Gustavo Bueno,  Alex Doe, and  Claudio Passon, ("Individual Defendants"), (collectively,

"Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Juarez is a former employee of Defendants 225 West Broadway Corp. (d/b/a Attraversa), 228 Bleecker LLC (d/b/a Aria West Village), Briciola Corp. (d/b/a Briciola), Tanya Hira (a.k.a. Tanya Passon), Roberto Passon, Gustavo Bueno, Alex Doe, and Claudio Passon.

2.       Defendants own, operate, or control three Italian restaurants, located at 225 W Broadway, New York, New York, 10013 under the name "Attraversa",  at 117 Perry Street, New York, New York, 10014 under the name "Aria West Village", and  at 370 W 51st Street, New York, New York, 10019 under the name "Briciola".

3.      Upon information and belief, individual Defendants Tanya Hira (a.k.a. Tanya Passon), Roberto Passon, Gustavo Bueno, Alex Doe, and Claudio Passon, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Juarez was employed as a cleaner and a laborer at the restaurants located at 225 W Broadway, New York, New York, 10013 under the name "Attraversa",  at 117 Perry Street, New York, New York, 10014 under the name "Aria West Village", and at 370 W 51st Street, New York, New York, 10019 under the name "Briciola".

5.      At all times relevant to this complaint, Plaintiff Juarez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to pay Plaintiff Juarez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Juarez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Juarez to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Juarez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Juarez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Juarez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Juarez's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate three Italian restaurants located in this district. Further, Plaintiff Juarez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.    Plaintiff Sergio Juarez Vivar (a.k.a Machazo) ("Plaintiff Juarez" or "Mr. Juarez") is an adult individual residing in New York County, New York.

15.    Plaintiff Juarez was employed by Defendants at Aria West Village, Briciola and Attraversa from approximately March 23, 2015 until on or about May 2019.

16.    Plaintiff Juarez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.    At all relevant times, Defendants owned, operated, or controlled three Italian restaurants, located at 225 W Broadway, New York, New York, 10013 under the name "Attraversa", at 117 Perry Street, New York, New York, 10014 under the name "Aria West Village", and at 370 W 51st Street, New York, New York, 10019 under the name "Briciola".

18.    Upon information and belief, 225 West Broadway Corp. (d/b/a Attraversa) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 225 W Broadway, New York, New York, 10013.

19.    Upon information and belief, 228 Bleecker LLC (d/b/a Aria West Village) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 117 Perry Street, New York, New York, 10014.

20.    Upon information and belief, Briciola Corp. (d/b/a Briciola) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 370 W 51st Street, New York, New York, 10019.

21.    Defendant Tanya Hira (a.k.a. Tanya Passon) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Tanya Hira (a.k.a. Tanya Passon) is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Tanya Hira (a.k.a. Tanya Passon) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Juarez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.    Defendant Roberto Passon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Roberto Passon is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Roberto Passon possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Juarez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.    Defendant Gustavo Bueno is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gustavo Bueno is sued

individually in his capacity as a manager of Defendant Corporations. Defendant Gustavo Bueno possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Juarez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Alex Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alex Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Alex Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Juarez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Claudio Passon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Claudio Passon is sued individually in his capacity as a manager of Defendant Corporations. Defendant Claudio Passon possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Juarez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.     Defendants operate three Italian restaurants located in multiple locations throughout New York City.

27.     Individual Defendants, Tanya Hira (a.k.a. Tanya Passon), Roberto Passon, Gustavo Bueno, Alex Doe, and Claudio Passon, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Juarez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Juarez, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Juarez (and all similarly situated employees) and are Plaintiff Juarez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Juarez and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendants Tanya Hira (a.k.a. Tanya Passon) and Roberto Passon operate Defendant Corporations as either alter egos of  themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

>  a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiff Juarez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Juarez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Juarez's services.

34.     In each year from 2015 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Juarez is a former employee of Defendants who was employed as a cleaner and a laborer.

37.     Plaintiff Juarez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Sergio Juarez Vivar (a.k.a Machazo)*

38.     Plaintiff Juarez was employed by Defendants from approximately March 23, 2015 until on or about May 2019.

39.     Defendants employed Plaintiff Juarez as a cleaner and a laborer.

40.     Plaintiff Juarez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.     Plaintiff Juarez's work duties required neither discretion nor independent judgment.

42.     Throughout his employment with Defendants, Plaintiff Juarez regularly worked in excess of 40 hours per week.

43.     From approximately March 2015 until on or about May 2015, Plaintiff Juarez worked at the Aria West Village's location from approximately 6:00 a.m. until on or about 6:00 p.m., 7 days a week (typically 84 hours per week).

44.     From approximately June 2015 until November 2015, Plaintiff Juarez worked at the Aria West Village's location from approximately 6:00 a.m. until on or about 6:00 p.m., 6 days a week (typically 72 hours per week).

45.     From approximately December 2015 until on or about March 2016, Plaintiff Juarez worked at the Briciola's location from approximately 11:00 a.m. until on or about 1:00 a.m., 6 days a week (typically 84 hours per week).

46.     From approximately April 2016 until on or about January 2018, Plaintiff Juarez worked at the Briciola's location from approximately 10:00 a.m. until on or about 11:00 p.m., 4 days a week and from approximately 10:00 a.m. until on or about 2:00 a.m., 2 days a week (typically 84 hours per week).

47.     From approximately February 2018 until on or about November 2018, Plaintiff Juarez worked at the Briciola's location from approximately 6:00 a.m. until on or about 5:00 p.m., 6 days a week (typically 66 hours per week).

48.     From approximately December 2018 until on or about January 2019, Plaintiff Juarez worked at the Briciola's location from approximately 5:00 a.m. until on or about 2:00 p.m., 6 days a week (typically 54 hours per week).

49.     From approximately February 2019 until on or about May 2019, Plaintiff Juarez worked at the Attraversa's location from approximately 4:00 p.m. until on or about 12:00 a.m., 4 days a week and from approximately 4:00 p.m. until on or about 1:00 a.m., 2 days a week (typically 50 hours per week).

50.     From approximately March 2015 until on or about September 2018, Defendants paid Plaintiff Juarez his wages by check.

51.     From approximately October 2018 until on or about November 2018, Defendants paid Plaintiff Juarez his wages by direct deposit.

52.     From approximately December 2018 until on or about May 2019, Defendants paid Plaintiff Juarez his wages by check.

53.     From approximately March 2015 until on or about March 2016, Defendants paid Plaintiff Juarez $8.00 per hour.

54.     From approximately April 2016 until on or about August 2016, Defendants paid Plaintiff Juarez $8.50 per hour.

55.     From approximately September 2016 until on or about May 2017, Defendants paid Plaintiff Juarez $9.50 per hour.

56.     From approximately June 2017 until on or about November 2018, Defendants paid Plaintiff Juarez $10.50 per hour.

57.     For approximately the month of December for the year 2018, Defendants paid Plaintiff Juarez $15.00 per hour.

58.     From approximately January 2019 until on or about May 2019, Defendants paid Plaintiff Juarez $15.00 per hour for the first 40 hours and $22.50 per hour for hours over 40.

59.     Although Defendants granted Plaintiff Juarez a one-hour meal break, from approximately September 2017 until on or about May 2019, Defendants interrupted it every day by requiring him to stop eating and stock the supplies that arrived at that time.

60.     Furthermore, from approximately January 2019 until on or about May 2019, Defendants deducted $30 from Plaintiff Juarez's weekly paycheck for meals he seldom had a chance to eat.

61.     On a number of occasions, Defendants required Plaintiff Juarez to sign a document, the contents of which he was not allowed to review in detail.

62.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Juarez regarding overtime and wages under the FLSA and NYLL.

63.     Defendants did not provide Plaintiff Juarez an accurate statement of wages, as required by NYLL 195(3).

64.     Defendants did not give any notice to Plaintiff Juarez, in English and in Spanish (Plaintiff Juarez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

65.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Juarez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

66.     Plaintiff Juarez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

67.     On a number of occasions, Defendants required Plaintiff Juarez to sign a document the contents of which he was not allowed to review in detail.

68.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

69.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Juarez (and similarly situated individuals) worked, and to avoid paying Plaintiff Juarez properly for his full hours worked.

70.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

71.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Juarez and other similarly situated former workers.

72.     Defendants failed to provide Plaintiff Juarez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

73.     Defendants failed to provide Plaintiff Juarez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

74.     Plaintiff Juarez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

75.     At all relevant times, Plaintiff Juarez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

76.     The claims of Plaintiff Juarez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

77.     Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

78.     At all times relevant to this action, Defendants were Plaintiff Juarez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Juarez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

79.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

80.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

81.     Defendants failed to pay Plaintiff Juarez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

82.      Defendants' failure to pay Plaintiff Juarez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

83.      Plaintiff Juarez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

84.      Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

85.      Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Juarez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

86.      Defendants' failure to pay Plaintiff Juarez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

87.      Plaintiff Juarez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

88.      Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

89.      At all times relevant to this action, Defendants were Plaintiff Juarez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Juarez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

90.      Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Juarez less than the minimum wage.

91.      Defendants' failure to pay Plaintiff Juarez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

92.      Plaintiff Juarez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

93.      Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

94.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Juarez  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

95.      Defendants' failure to pay Plaintiff Juarez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

96.      Plaintiff Juarez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

97.      Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

98.     Defendants failed to pay Plaintiff Juarez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Juarez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

99.     Defendants' failure to pay Plaintiff Juarez an additional hour's pay for each day Plaintiff Juarez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

100.     Plaintiff Juarez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

101.     Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

102.     Defendants failed to provide Plaintiff Juarez with a written notice, in English and in Spanish (Plaintiff Juarez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

103.     Defendants are liable to Plaintiff Juarez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

**OF THE NEW YORK LABOR LAW**

104.     Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

105.     With each payment of wages, Defendants failed to provide Plaintiff Juarez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

106.     Defendants are liable to Plaintiff Juarez in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

107.     Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

108.     At all relevant times, Defendants were Plaintiff Juarez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

109.     From approximately January 2019 until on or about May 2019, Defendants made unlawful deductions from Plaintiff Juarez's wages including, but not limited to, deductions for meals he never ate.

110.     The deductions made from Plaintiff Juarez's wages was not authorized or required by law.

111.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Juarez's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

112.     Plaintiff Juarez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Juarez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Juarez and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Juarez and the FLSA Class members;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Juarez and the FLSA Class members;

(e)     Awarding Plaintiff Juarez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Juarez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Juarez;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Juarez;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Juarez;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Juarez's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Juarez;

(l)     Awarding Plaintiff Juarez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)     Awarding Plaintiff Juarez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Juarez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to

NYLL § 198(3);

(o)     Awarding Plaintiff Juarez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Juarez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Juarez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

October 21, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.


By:      /s/ Michael Faillace
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 12, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Sergio Juarez Vivar

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    12 de junio de 2019

*Certified as a minority-owned business in the State of New York*